## CENTRAL OF GEORGIA RAILWAY COMPANY *v.* COX.

There was no error in the admission of testimony, and the evidence warranted the verdict.

Argued October 6,—Decided November 10, 1905.

Action for damages. Before Judge Taliaferro. City court of Sandersville. April 11, 1905.

*Howard & Jordan,* for plaintiff in error.

*Evans & Evans,* contra.

EVANS, J. 1. Ordinarily, on the trial of an action for damages growing out of the killing by a railway company of stock upon its track; the fact that the same train ran over other stock at a different point on the track can not illustrate the question whether or not the servants of the company in charge of the train exercised due care in endeavoring to prevent injury to the stock for the killing of which suit is brought. But when the engineer testifies, in effect, that he neither saw nor could have seen any stock on the track until his engine rounded a curve and approached to within two hundred yards of the plaintiff's cattle, when he immediately applied brakes and used every effort to prevent injury to them, it is competent for the plaintiff to prove that the version of the occurrence given by the engineer is untrue, by introducing testimony tending to show that the engineer in fact saw a cow belonging to another upon the track, some one hundred and thirty yards above

the point where the plaintiff's cattle were standing and between the engineer and the plaintiff's cattle; that the engineer blew the whistle of the locomotive when he saw this cow, but made no attempt to check the speed of his train at that time or even after his engine had rounded the curve and he could have seen plaintiff's cattle upon the track. Whether the engineer did or did not see the cow on the track was material to the issue on trial, as throwing light upon his conduct subsequently, inasmuch as the company insisted he was maintaining a lookout and observed the plaintiff's cattle as soon as the engine rounded the curve and he came in view of them, whereupon he did everything in his power to prevent injury to these cattle; whereas the plaintiff's theory of the case was that the engineer's attention was distracted by the killing of this cow, which he saw on the track before he rounded the curve, and that he did not give heed to the presence of plaintiff's cattle, which were 130 yards beyond where this cow was run over, nor did he make any effort to prevent injury to them at any time after they could have been seen.

2. In view of the testimony upon which the plaintiff relied as overcoming the evidence introduced by the defendant company to establish its diligence, a verdict in his favor was warranted, and the court below did not commit any abuse of discretion in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*